**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-15-0000343**
**02-DEC-2015**
**07:55 AM**

NO. CAAP-15-0000343

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ASSOCIATION OF APARTMENT OWNERS OF HOLOLANI, BY ITS BOARD OF DIRECTORS, Plaintiff/Counterclaim-Defendant/Appellee, v. LIZ MILLER, DAN MILLER, Defendants/Counterclaimants/Appellants, and JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ENTITIES 1-10, Counterclaim-Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 06-1-0249(3))

ORDER GRANTING SEPTEMBER 23, 2015 MOTION
TO DISMISS APPELLATE COURT CASE NUMBER
CAAP-15-0000343 FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of (1) Plaintiff/Counterclaim-Defendant/ Appellee Association of Apartment Owners of Hololani's (Appellee AOAO Hololani) September 23, 2015 motion to dismiss appellate court case number CAAP-15-0000343 for lack of appellate jurisdiction, (2) Defendants/Counterclaimants/Appellants Daniel P. Miller and Elizabeth A. Miller's (the Miller Appellants) September 29, 2015 memorandum in opposition to Appellee AOAO Hololani's September 23, 2015 motion, (3) the October 6, 2015 order authorizing Appellee AOAO Hololani to file a reply memorandum in support of Appellee AOAO Hololani's September 23, 2015 motion, (4) Appellee AOAO Hololani's October 13, 2015 reply memorandum in support of Appellee AOAO Hololani's September 23, 2015 motion, and (5) the record, it appears that we lack appellate jurisdiction over the Miller

Appellants' appeal from the Honorable Joseph E. Cardoza's March 20, 2015 post-judgment order denying the Miller Appellants' post-judgment motion to alter or amend the February 9, 2015 judgment, because the underlying February 9, 2015 judgment does not satisfy the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2014), Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP), and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).

The Miller Appellants' April 16, 2015 notice of appeal designates the appealed document as being the March 20, 2015 post-judgment order denying the Miller Appellants's HRCP Rule 59 post-judgment motion to alter or amend the February 9, 2015 judgment. HRS § 641-1(a) authorizes appeals from final judgments, orders, or decrees, and, "[a] post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawaiʻi 153, 157, 80 P.3d 974, 978 (2003) (citation omitted). For example, "[a]n order denying a motion for post-judgment relief under HRCP [Rule] 60(b) is an appealable final order under HRS § 641-1(a)." Ditto v. McCurdy, 103 Hawaiʻi at 160, 80 P.3d at 981 (citation omitted). However, an appealable final judgment is a prerequisite to any circuit court order qualifying as an appealable post-judgment order. For example, the Supreme Court of Hawaiʻi recently held that, "[a]bsent an underlying appealable final judgment, the circuit court's rulings on a purported [HRCP] Rule 60(b) motion are interlocutory and not appealable until entry of such a judgment." Bailey v. DuVauchelle, 135 Hawaii 482, 491, 353 P.3d 1024, 1033 (2015) (citations omitted). In the instant case, the underlying February 9, 2015 judgment fails to satisfy the requirements for an appealable final judgment, and, thus, the March 20, 2015 post-judgment order will not be eligible for appellate review until the future entry of an appealable final judgment in this case.

Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Furthermore,

> if a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (emphases added).

> For example: "Pursuant to the jury verdict entered on (date), judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." . . . . If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphasis added). When interpreting the requirements for an appealable final judgment under HRS § 641-1(a) and HRCP Rule 58, the Supreme Court of Hawai'i has explained that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality, . . . and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58.

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (citation omitted; original emphasis).

3

Although the instant case is a multiple-claim case in which Appellee AOAO Hololani's complaint asserted three separate and distinct counts and the Miller Appellants' counterclaim asserted seven separate and distinct counts, the February 9, 2015 judgment does not specifically identify the claim or claims on which the circuit court intends to enter judgment. Although the February 9, 2015 judgment contains a statement that there are no other causes of action, claims or other matters left to be adjudicated in this case, the Supreme Court of Hawaiʻi has explained,

> [a] statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Jenkins, 76 Hawaiʻi at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added). Without specifically identifying the claim or claims on which the circuit court intends to enter judgment, and without expressly dismissing the remaining claims, the February 9, 2015 judgment does not satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 54(b), HRCP Rule 58 and the holding in Jenkins.

Absent an underlying appealable final judgment, the circuit court's March 20, 2015 post-judgment order is interlocutory and not eligible for appellate review until the future entry of an appealable final judgment. Bailey, 135 Hawaii at 491, 353 P.3d at 1033. Under the present circumstances, the Miller Appellants' appeal is still premature, and we lack appellate jurisdiction. Therefore,

IT IS HEREBY ORDERED that Appellee AOAO Hololani's September 23, 2015 motion to dismiss appellate court case number CAAP-15-0000343 for lack of appellate jurisdiction is granted,

and appellate court case number CAAP-15-0000343 is dismissed for lack of appellate jurisdiction.[1]

DATED:   Honolulu, Hawai'i, December 2, 2015.


Chief Judge

Associate Judge

Associate Judge

---

[1]     Although we grant Appellee AOAO Hololani's motion, we dismiss the appeal on grounds that are different than those asserted by Appellee AOAO Hololani.